Luke F. Zadkovich
Edward W. Floyd
FLOYD ZADKOVICH (US) LLP
215 Park Avenue South, 11th Floor
New York, NY 10003
(917) 999-6914
(917) 868-1245
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ORIENT EXPRESS CONTAINER CO., LTD.;
OEC FREIGHT (NY) INC (D/B/A, A/K/A OEC
GROUP KANSAS CITY); OEC LOGISTCS, INC.
(D/B/A, A/K/A OEC GROUP ST. LOUIS); OEC  FREIGHT
WORLDWIDE CO.; WORLD WIDE  HAGERTY INC. (D/
B/A, A/K/A KYK MARKETING, KYK SPECIALTY
ADVERTISING);

        Plaintiffs,

    -against-

AMERICAN PRESIDENT LINES, LTD.;
APL (America) LLC; EVERGREEN LINE;
EVERGREEN LOGISTICS CORP.;
EVERGREEN SHIPPING AGENCY CORPORATION;
EVERGREEN MARINE UK LTD.;
A&L CF MARCH 5 LTD.

        Defendants.
------------------------------------------------------------------------x

Case No.: 18-CV-

**COMPLAINT**

      Plaintiffs, Orient Express Container Co., Ltd., OEC Freight (NY) Inc. (d/b/a and/or a/k/a OEC Group Kansas City); OEC Logistics, Inc. (d/b/a and/or a/k/a OEC Group St. Louis), OEC Freight Worldwide Co., and World Wide Hagerty Inc. (d/b/a and/or a/k/a KYK Marketing and/or

1

KYK Specialty Advertising) (hereinafter "Plaintiffs"), by and through their attorneys, Floyd Zadkovich (US) LLP, as and for their Complaint, allege upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has admiralty or maritime subject matter jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 1333. This Court also has personal jurisdiction over each of the defendants supported by clause 32 (iii) of the APL bill of lading (no. APLU 437156401), clause 29(2) of the Evergreen bill of lading terms, and clause 23 of the OEC bill of lading (no. OERT101727G00265), all of which point towards jurisdiction for all claims arising under those bills of lading in cases of carriage to the United States shall be in this district, the Southern District of New York.

## PARTIES

2. At all material times, Orient Express Container Co., Ltd. (hereinafter "Orient Express") was and is a limited company organized and existing under the laws of the British Virgin Islands (BVI), with its registered office at 30 de Castro Street, Road Town, Tortola, British Virgin Islands and principal place of business at 7F, 131, Sec 3, Nanking E. Rd., Taipei 104 Taiwan and is the shipper under the APL B/L No. APLU 437156401.

3. At all material times, OEC Freight (NY) Inc. (d/b/a and/or a/k/a OEC Group Kansas City (hereinafter "OEC Kansas") was and is a corporation organized and existing under the laws of Missouri, with its principal place of business at 110 West 9th Street, Suite 8, Kansas City, MO 64105 USA and is the consignee under the APL B/L no. APLU 437156401.

4. At all material times, OEC Logistics, Inc. (d/b/a and/or a/k/a OEC Group St. Louis, (hereinafter "OEC St. Louis")) was and is a corporation organized and existing under the laws of Missouri, with its principal place of business at 11960 Westline Industrial Drive, Suite 350, St. Louis, MO 63146 and is the notify party under the APL B/L no. APLU 437156401.

5. At all material times, OEC Freight Worldwide Co., (hereinafter "OEC Freight") was and is a foreign company, with its principal place of business at 7/F, No. 131, Sec. 3, Nanking E. Road, Zhongshan District, Taipei City and is the forwarding agent under the APL B/L no. APLU 437156401.

6. At all material times, World Wide Hagerty Inc. (hereinafter "WWH") (d/b/a and/or a/k/a KYK Marketing and/or KYK Specialty Advertising) was and is a corporation organized and existing under the laws of Kentucky, with its principal place of business and registered office at 2600 Constant Comment Place, Louisville, KY 40299. KYK Marketing was the buyer and consignee of the cargo in container no. SEGU5228498 that was lost overboard during the carriage here at issue. KYK Specialty Advertising was the named consignee of the cargo under the bill of lading issued by Orient Express Container Co., Ltd. with B/L Number: OERT101727G00265.

7. At all material times, defendant, American President Lines, Ltd., (hereinafter "APL") was and is a limited company with an office and place of business located at APL Co. Pte Ltd, 9 North Buona Vista Drive, #14-01 The Metropolis Tower 1, Singapore 138588 and is the carrier under the APL B/L No. APLU 437156401.

8. At all material times, defendant, APL (America) LLC (hereinafter "APL America") was and is a limited liability company with an office and place of business located at 26 Century Blvd., Suite 405 – Nashville, TN 37214, USA and is doing business as an ocean liner carrier of

goods. On information and belief, APL America was also a carrier and/or person otherwise liable for the good delivery of the cargo at issue herein.

9. At all material times, defendant, Evergreen Line (hereinafter "Evergreen") was and is a corporation with an office and place of business located at One Evertrust Plaza, Jersey City, NJ 07302, USA and was the operator of the vessel, Ever Smart V086E. On information and belief, Evergreen was also a carrier and/or person otherwise liable for the good delivery of the cargo at issue herein.

10. At all material times, defendant, Evergreen Logistics Corp. (hereinafter "Evergreen Logistics") was and is a corporation with an office and place of business located at 5FL, no.170, sec.2, Min-Sheng E.RD., Taipei, Taiwan., and is the corporate head office of Evergreen Line. On information and belief, Evergreen Logistics was also a carrier and/or person otherwise liable for the good delivery of the cargo at issue herein.

11. At all material times, defendant, Evergreen Shipping Agency Corporation (hereinafter "Evergreen Agency") was and is a corporation with an office and place of business located at One Evertrust Plaza, Jersey City, New Jersey 07302, USA and was the operator of the vessel, Ever Smart V086E. On information and belief, Evergreen Agency was also a carrier and/or person otherwise liable for the good delivery of the cargo at issue herein.

12. At all material times, defendant, Evergreen Marine UK Ltd. (hereinafter "Evergreen Marine") was and is a corporation with an office and place of business located at 160, Euston Road, London, NW1 2DX, United Kingdom and was the commercial operator of the vessel, Ever Smart V086E. On information and belief, Evergreen Marine was also a carrier and/or person otherwise liable for the good delivery of the cargo at issue herein.

13. At all material times, defendant, A&L CF MARCH 5 Ltd. (hereinafter "A&L" and hereinafter with co-defendants collectively referred to as "Defendants") was and is a corporation with an office and place of business located at 2 Triton Square, Regent's Place, London, NW1 3AN, United Kingdom and was the registered owner of the vessel, Ever Smart V086E. On information and belief, A&L was also a carrier and/or person otherwise liable for the good delivery of the cargo at issue herein.

## RELEVANT FACTS

14. On or about October 26, 2017, Orient Express, the cargo shipper and/or its agents contracted with APL to transport a consignment of 638 cartons of spare parts for chillers from the Port of Taipei, Taiwan for delivery in Louisville, Kentucky, United States of America. The ETA for delivery at Louisville was November 19, 2017.

15. The cargo was shipped in good order in a single 40-foot container designated number SEGU5228498 on the vessel EVER SMART V086E under APL bill of lading no. APLU437156401, dated October 26, 2017. The shipper of the cargo under that bill of lading was Orient Express and the consignee was OEC Kansas.

16. Orient Express issued a bill of lading to shippers, So Cold LLC, with KYK Specialty Advertising stated as the consignee.

17. The vessel was operated by Evergreen Line and/or by its various defendant entities on APL's behalf and was servicing APL's South China Loop 8 (SC8).

18. Evergreen Line does business under a Joint Services Agreement consisting Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.p.A., Evergreen Marine (Hong Kong) Ltd., and Evergreen Marine (Singapore) Pte Ltd. Prior to

disclosure, Plaintiffs do not know which combination of Evergreen entities operated the vessel. Evergreen Agency operated as Evergreen Line's local agent in the United States. According to Equasis ship information website, Evergreen Marine is stated to be the commercial operator of the vessel and A&L as the registered owner of the vessel.

19. On November 6, 2017, APL alleged the vessel encountered poor weather conditions on October 30, 2017 whilst en route from Taipei to the United States. APL informed OEC Group on November 6, that the vessel had lost cargo during this incident, other cargo was damaged. OEC's container designated SEGU5228498 was among the cargo lost overboard and was not retrieved. On November 7, 2017, OEC gave detailed notice of claim to APL by email and telephone, which was acknowledged by APL that day.

20. The loss of the cargo was not the result of any act or omission of the Plaintiffs, including the consignee but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their agents during carriage.

21. Plaintiffs sustained a loss in the amount of USD159,600.00 due to the total loss of the cargo shipment, no part of which has been paid, despite due demand. Orient Express has tried to engage APL and its P&I Club to discuss the claim, however it has received no response to its various messages from APL or its representatives.

22. By reason of the foregoing, Plaintiffs have suffered losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be in excess of USD159,600.00.

## AS AND FOR THE FIRST CAUSE OF ACTION – BREACH OF CONTRACT FOR COMMON CARRIAGE

23. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. Pursuant to the contract entered into between the parties, Defendants owed a contractual and statutory duty to Plaintiffs, to carry, bail, keep and care for, protect and deliver Plaintiffs' cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

25. Defendants breached their contractual and statutory duties by failing to properly care for, bail and protect Plaintiffs' cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.  The goods were provided to Defendants in good order but were lost in total during the carriage.

26. Plaintiffs were the shippers, consignees, owners and/or other persons interested in the cargo, entitled to relief, and with standing to bring the instant action

27. Plaintiffs have duly performed all duties and obligations on their part to be performed.

28. As a direct and proximate result of said breach of contract by Defendants, Plaintiffs have suffered damages in the amount presently estimated to be no less than a total of USD159,600.00.

29. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than USD159,600.00.

## AS AND FOR A SECOND CAUSE OF ACTION- BREACH OF BAILMENT

30. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

31. Pursuant to their obligations as bailees for hire of Plaintiffs' cargo, Defendants owed contractual and statutory duties to Plaintiffs to carry, bail, keep and care for, protect and deliver Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

32. Defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver Plaintiffs' cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods. The goods were provided to Defendants in good order but were lost in total during the carriage.

33. As a direct and proximate result of the breach of bailment by Defendants, Plaintiffs have suffered damages in the approximate amount of USD159,600.00.

34. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than USD159,600.00.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

35. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

36. Defendants owed a duty of care to Plaintiffs to carry, bail, keep and care for, protect and deliver Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

37. Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver Plaintiffs' cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods. The goods were provided to Defendants in good order but were lost in total during the carriage.

38. As a direct and proximate result of the negligence by Defendants, Plaintiffs have suffered damages in the approximate amount of USD159,600.00.

39. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than USD159,600.00.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

B. That judgment may be entered in favor of Plaintiffs against Defendants, jointly and severally, for the amount of Plaintiffs' damages in the amount of at least USD159,600.00, together with interest, costs and the disbursements of this action;

C. That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause; and

D. Plaintiffs further request such other and further relief as to this Court may seem just and proper.

Dated: New York, New York

November 12, 2018

                                    FLOYD ZADKOVICH (US) LLP
                                    *Attorneys for Plaintiffs*

By:   /s/ Luke F. Zadkovich

                                    Luke F. Zadkovich
                                    Edward W. Floyd
                                    215 Park Avenue South, 11th Floor
                                    New York, NY 10003
                                    (917) 868-1245
                                    (917) 999-6914
                                    luke.zadkovich@floydzad.com
                                    ed.floyd@floydzad.com